IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brett Cribb, | ) | Civil Action No. 2:17-1737-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| R.G. Grabber, Inc., *a Georgia corporation*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's unopposed motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**I. Background**

On July 21, 2015, Plaintiff Brett Cribb was injured while employed by Fender Mender of Pawleys Island, LLC in Georgetown County, South Carolina. Plaintiff alleges that an automobile frame straightener "designed, manufactured, packaged, produced, sold, and/or distributed" by R.G. Grabber, Inc. was purchased by Plaintiff's employer, Fender Mender, and was in "an unreasonably dangerous and defective condition; the foot control device being located under and in line with the rack holding an automobile in place." (Dkt. No. 1-2.) As a result, Plaintiff alleges the defect caused him severe injuries including partial loss of his right foot. (*Id.*) He filed a complaint and subsequently an amended complaint in the Georgetown County Court of Common Pleas, asserting product liability claims for negligence, strict liability, and breach of warranty against Defendant. Defendant removed the case on June 30, 2017, asserting diversity jurisdiction.

Defendant now moves for summary judgment, arguing that it did not design, manufacture, or sell the frame straightener that allegedly injured Plaintiff. (Dkt. No. 15-1.) According to Defendant, the frame straightener was designed, manufactured, and sold by Grabber

Manufacturing Company, Inc. Defendant R.G. Grabber purchased substantially all of Grabber Manufacturing's assets on October 18, 2005. (Dkt. No. 15-2 ¶¶ 2.1 & 2.3.) Defendant asserts that it did not assume any of Grabber Manufacturing's liabilities other than a vehicle lease and postage meter.

Plaintiff has failed to respond to the motion for summary judgment.

## II. <u>Legal Standard</u>

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

Generally, "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009). Nonetheless, "the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

### III. Discussion

The record shows the frame straightener in question was produced by Grabber Manufacturing. (*See* Dkt. No. 15-2 at 6.) Defendant is a separate entity that purchased substantially all of Grabber Manufacturing's assets. Thus, the issue before the Court is whether R.G. Grabber has successor liability for Grabber Manufacturing's products. A federal district court sitting in diversity will apply the substantive law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In South Carolina, "absence of a statute, a successor or purchasing company ordinarily is not liable for the debts of a predecessor or selling company unless (1) there was an agreement to assume such debts, (2) the circumstances surrounding the transaction warrants a finding of a consolidation or merger of the two corporations, (3) the successor company was a mere continuation of the predecessor, or (4) the transaction was entered into fraudulently for the purpose of wrongfully defeating creditors' claims. *Simmons v. Mark Lift Indus., Inc.*, 622 S.E.2d 213, 215 (2005) (citing *Brown v. American Ry. Express Co.*, 123 S.E. 97 (S.C. 1924)) (footnote and emphasis omitted).

To determine whether one of those exceptions to the rule against successor liability applies, the Court examines the relationship between Grabber Manufacturing and R.G. Grabber. R.G. Grabber holds itself out as having been formed in 1972. *See About Our Company*, R.G. Grabber, http://www.grabber.com/About-Us.html (last visited Jan. 25, 2018). In truth, Grabber

Manufacturing, owned by Virgil Hinson, was formed on May 17, 1972, but Defendant R.G. Grabber, owned by Raymond Gallant, was formed on October 11, 2005, one week before it purchased substantially all of the assets of Grabber Manufacturing on October 18, 2005. Ga. Sec'y State, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=393395&businessType=Domestic%20Profit%20Corporation (last visited Jan. 25, 2018); Ga. Sec'y State, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=504530&businessType=Domestic%20Profit%20Corporation. It does not appear that Grabber Manufacturing and R.G. Grabber ever had any officers in common. Grabber Manufacturing and R.G. Grabber had the same physical address: Sterling Industrial Park, 310 Greenswamp Road (sometimes listed as 310 Sterling Industrial Road), Brunswick, Georgia, 31525. R.G. Grabber continued to produce frame straighteners at that same location under essentially the same name. *Compare* https://web.archive.org/web/20050205210351/http://kargrabber.com:80/rack_systems/producer.htm (archive of website on Feb. 5, 2005) *with* R.G. Grabber, http://www.grabber.com/Pacesetter.html (last visited Jan. 25, 2018). In the sale agreement, Grabber Manufacturing agreed to cooperate "in any actions by [R.G. Grabber] to adopt the words 'Grabber Manufacturing Company, Inc.' in its corporate name or as a fictitious name under which [R.G. Grabber] would be authorized to conduct business." (Dkt. No. 15-2 ¶ 2.2.) Grabber Manufacturing and its owner, Mr. Hinson, agreed not to conduct any business under any name including the word "Grabber." (*Id.*) Grabber Manufacturing was renamed "V & K Manufacturing, Inc." shortly after the sale of its assets to R.G. Grabber and dissolved soon thereafter. Ga. Sec'y State, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=504530&businessType=Domestic%20Profit%20Corporation (last visited Jan. 25, 2017). Grabber

Manufacturing and Mr. Vinson also agreed to indemnify R.G. Grabber against any claims arising from the operation of Grabber Manufacturing prior to the sale. (*Id.* ¶ 10.1.)

In this case, there was no agreement by R.G. Grabber to assume product defect liabilities from Grabber Manufacturing. There is no evidence that the sale to R.G. Grabber had a fraudulent purpose. The apparent purpose of the transaction was to sell assets from Mr. Hinson to Mr. Gallant. There is no evidence that the sale of Grabber Manufacturing's assets to R.G. Grabber was a merger or consolidation rather than an arms-length liquidation sale. The only possibly applicable exception, therefore, is the mere continuation exception.

"[T]he majority of courts interpreting the mere continuation exception have found it applicable only when there is commonality of ownership, *i.e.*, the predecessor and successor corporations have substantially the same officers, directors, or shareholders." *Simmons*, 622 S.E.2d at 215 n.1 (2005). In this case, there is no commonality of ownership at all. In *Simmons*, Justice Burnett's dissent argued for a rule that "a successor corporation which acquires all or substantially all of the assets of a predecessor, whether through a transfer of stock or a transfer of assets for cash or the equivalent, may be held liable in a product liability claim arising from a unit previously manufactured and distributed by the predecessor when the successor is determined to be, in effect, a mere continuation of the defunct predecessor." *Id.* at 221 (Burnett, J., dissenting in part). That, of course, is exactly the situation in the instant case. The *Simmons* majority, however, "declined to extend the mere continuation exception to situations where there is no commonality between officers, directors, and shareholders of the seller and purchaser." *Walton v. Mazda of Rock Hill*, 657 S.E.2d 67, 70 (S.C. Ct. App. 2008) (citing *Simmons*, 622 S.E.2d at 215 n.1). The Court therefore must rule that, because of the lack of commonality of ownership between Grabber Manufacturing and R.G. Grabber, the mere continuation exception could not apply in this case.

Accordingly, Defendant R.G. Grabber is entitled to summary judgment regarding Plaintiff's allegation that a defective product manufactured by Grabber Manufacturing injured him.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant's unopposed motion for summary judgment (Dkt. No. 15).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 2̲7̲, 2018
Charleston, South Carolina